

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00043-CR

_____


TRAVIS JERNIGAN, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 76th District Court
Morris County, Texas
Trial Court No. 11,694CR


Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Pursuant to a plea agreement, Travis Jernigan pled guilty to stalking; he was found guilty and sentenced to ten years' imprisonment and assessed a fine, restitution, and court costs; his sentence was suspended; and he was placed on ten years' community supervision. About two years later, the State filed a motion to revoke his community supervision, which was dismissed after Jernigan came back into compliance with the conditions of his community supervision. Subsequently, the State filed a second motion to revoke his community supervision. Jernigan pled not true to the State's allegations, and after evidence was admitted in support of the allegations, the trial court found the allegations true, sentenced Jernigan to ten years' imprisonment, and assessed him the original fine and court costs. Jernigan appeals the judgment revoking his community supervision.

Jernigan's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Jernigan's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Jernigan with a copy of the brief and the motion to withdraw. His counsel

2

also informed Jernigan of his rights to review the record and to file a pro se response and provided Jernigan with a pro se motion for access to the appellate record. By letter dated January 4, 2022, we notified Jernigan that his pro se response was due on February 3, 2022. By letter dated February 18, 2022, we notified Jernigan that the case would be submitted on briefs on March 11, 2022. We did not received a pro se response from Jernigan.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the judgment of the trial court.[1]

Jack Carter
Justice

Date Submitted:      March 11, 2022
Date Decided:      April 6, 2022

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.